IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAMIN OSKOUI, M.D., P.C., and<br>RAMIN OSKOUI, M.D.<br>3301 New Mexico Avenue, N.W.<br>Suite 316<br>Washington, DC 20016 | : | Case No._____ |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| LYON FINANCIAL SERVICES, INC.,<br>d/b/a USBANCORP MANIFEST FUNDING<br>SERVICES,<br>1310 Madrid Road<br>Suit 100<br>Marshall, Minnesota 56258 | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

**(Breach of Covenant of Good Faith, Fraud, Negligent Misrepresentation, Negligence, and Violations of D.C. Consumer Protection and Procedures Act)**

Ramin Oskoui, M.D., P.C. and Ramin Oskoui, M.D. (collectively "Plaintiffs") by and through their attorneys, Goodwin Procter LLP, for their Complaint herein, allege as follows:

## INTRODUCTION

1.      This is an action alleging breach of the covenant of good faith and fair

dealing, fraud, negligent misrepresentation, negligence and violations of the District of

Columbia Consumer Protection and Procedures Act.  Plaintiffs seeks damages, fees,

costs, and other appropriate relief against Defendant Lyon Financial Services, Inc., d/b/a

USBancorp Manifest Funding Services (hereinafter "Defendant").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the state law claims based on diversity of

citizenship under 28 U.S.C. § 1332(a) because Plaintiffs and Defendant are citizens of

different States and the amount in controversy exceeds $75,000.

3.      Venue is proper in this district under 28 U.S.C. § 1391(a) because

Defendant transacts business in the District of Columbia, because a substantial portion of

the events or omissions giving rise to the claims at issue occurred in the District of

Columbia, and because a substantial part of the property that is the subject of the action is

situated in the District of Columbia.

## PARTIES

4.      Dr. Oskoui is a solo-practitioner cardiologist who practices medicine out

of a single office, which is located at 3301 New Mexico Avenue, NW, Suite 116,

Washington D.C., 20016.  Dr. Oskoui's practice, Ramin Oskoui, M.D., P.C., is a District

of Columbia corporation.

5.      Defendant Lyon Financial Services, Inc., d/b/a USBancorp Manifest

Funding Services is a Minnesota corporation with a principal place of business in

Marshall, Minnesota.

2

## BACKGROUND

6.      On or about May 17, 2004, Oskoui, M.D., P.C. entered into an Equipment

Lease Agreement (the "Lease") with Bluedot Funding, L.L.C. (hereinafter "Bluedot"), a

company with headquarters in Irvine, California, for the purchase of Dr. Notes' EMR

(Electronic Medical Record) Clinical Management System Software (the "Dr. Notes

Software") for Dr. Oskoui's medical practice.

7.      Dr. Oskoui personally guaranteed the Lease.

8.      Dr. Notes, Inc. (hereinafter "Dr. Notes") is a Boca Raton, Florida software

company.  Dr. Angel Garcia is the Founder and Chief Executive Officer of Dr. Notes.

9.      A third party, Manchester Technologies, Inc., delivered the Dr. Notes

Software to Oskoui, M.D., P.C.

10.      On or about May 24, 2004, Bluedot's Director of Operations signed a

"Discount Assignment" to the Lease, which provided that Bluedot:

> …hereby assigns and transfers to US Bancorp Manifest Funding Services,
> or its successors and assigns, all of the undersigned's right, title, and
> interest as Lessor under the Lease, including the right to receive rent
> thereunder and grants US Bancorp Manifest Funding Services a security
> interest in the equipment subject to the Lease…

11.      According to its own website, Dr. Notes' EMR Clinical Management

System Software was designed "to aid physicians in improving patient care and adopting

real-time patient record keeping."

12.      The Dr. Notes Software did not function in the manner represented to

Plaintiffs.

3

13.    Upon information and belief, at least 22 doctors have filed lawsuits against Dr. Notes, alleging that the Dr. Notes Software did not function properly and that Dr. Notes failed to provide sufficient technical support.

14.    Upon information and belief, federal and state court records for Dr. Garcia and his businesses reveal approximately 43 IRS, state, county and labor department tax liens as well as approximately 114 legal actions.

15.    Upon information and belief, Dr. Garcia, Dr. Notes and Datamed Worldwide (another company founded by Dr. Garcia), have approximately $3.41 million in judgment liens and more than $1.2 million in federal, state, and county tax liens outstanding.

16.    Defendant knew or should have known about the legion of problems reported regarding the Dr. Notes Software and the numerous adverse legal records against both Dr. Notes and Dr. Garcia.

17.    Defendant knew or should have known about the alleged misrepresentations concerning the utility of the Dr. Notes Software and the alleged fraud with respect to its functionality.

18.    Information such as pending litigations, tax liens and adverse judgments is readily available to lease financing service providers such as Defendant.

19.    Defendant entered into an agreement for the assignment of the Lease concerning the Dr. Notes Software despite the numerous legal actions and other adverse information and failed to inform Plaintiffs of this information, which was likely to affect them adversely.

20.     Defendant, through its conscious silence concerning the problems with the Dr. Notes Software, is responsible for the misrepresentations and omissions regarding the utility and functionality of the Dr. Notes Software and the related injury to Plaintiffs as a result thereof.

21.     Plaintiffs have suffered damages including, but not limited to, the loss of time and money as a result of repeated attempts to use the Dr. Notes Software, repeated efforts to repair the Dr. Notes Software, the costs to replace the Dr. Notes Software, the costs and attorneys' fees of this action and other damages to be proven at trial on the merits.

## COUNT I
### (Breach of Covenant of Good Faith and Fair Dealing)

22.     Plaintiffs restate, reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     Implied within every contract, including Defendant's contract with Plaintiffs, is the covenant of good faith and fair dealing. Pursuant to this covenant, Defendant has a duty to deal fairly and in good faith with Plaintiffs.

24.     Defendant materially breached and violated its obligations to Plaintiffs by, among other things, by entering into an agreement for the assignment of the Lease for the Dr. Notes Software with full knowledge of the misrepresentations as to the utility and functionality of the product as well as the legion of adverse legal records against Dr. Notes and its founder and Chief Executive Office, Dr. Garcia.

25.     As a result of Defendant's breaches, Plaintiffs have been harmed economically and are entitled to damages in an amount to be determined at trial.

## COUNT II
### (Fraud)

26.     Plaintiffs restate, reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27.     By entering into an agreement for the assignment of the Lease for the Dr. Notes Software, Defendant knew or should have known that there were misrepresentations as to the utility and functionality of the product to its target audience of physicians.

28.     Defendant failed to inform Plaintiffs of the complaints about the Dr. Notes Software and knew or should have known about the problems with the product prior to the time at which Plaintiffs signed the Lease.

29.     Through its silence, Defendant falsely represented Dr. Notes' financial and legal good-standing and omitted facts necessary under the circumstances to make their statements not misleading.

30.     Defendant knew, or through the exercise of reasonable diligence should have known, that its silence with respect to the legion of problems with the Dr. Notes Software was misleading at the time Plaintiffs signed the Lease

31.     Notwithstanding its knowledge of such problems with the Dr. Notes Software, Defendant continued to enter into agreements such as the assignment of the Lease with physicians to whom Dr. Notes Software was marketed, including plaintiffs.

32.     Defendant engaged in the conduct alleged immediately above with reckless disregard for the harm it would cause Plaintiffs.

33.     As a result of Defendant's fraudulent conduct, Plaintiffs have been harmed economically and are entitled to damages, including punitive damages, in an amount to be determined at trial.

**COUNT III**
**(Negligent Misrepresentation)**

34.     Plaintiffs restate, reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.     Defendant had a duty to exercise ordinary care in its representations to Plaintiffs.

36.     Defendant also had a duty to exercise not only ordinary but also the care required of a fiduciary.

37.     Defendant entered into an agreement for the assignment of the Lease for the Dr. Notes Software despite the numerous legal actions and other adverse information and failed to inform Plaintiffs of this information, which was likely to affect them adversely

38.     Defendant knew or should have known that in deciding to lease/purchase the Dr. Notes Software and to guarantee the Lease, Plaintiffs would rely upon the representations and/or omissions and the Defendant's experience regarding the usefulness and appropriateness of the product.

39.     Plaintiffs justifiably relied to their detriment on these representations and/or omissions of material fact.

40.    As a direct and proximate result of Defendant's conduct, Plaintiffs have been harmed economically and are entitled to damages, including punitive damages, in an amount to be determined at trial.

## COUNT IV
### (Negligence)

41.    Plaintiffs restate, reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.    Defendant had a duty to exercise ordinary care in its representations to Plaintiffs.

43.    Defendants also had a duty to exercise not only ordinary but also the care required of a fiduciary.

44.    Defendants negligently failed to disclose to Plaintiffs the various complaints and problems associated with Dr. Notes Software.

45.    At all relevant times, Defendant had the ability and duty to refrain from financing leases for Dr. Notes' Software, including the Lease entered into by Plaintiffs.

46.    Defendant breached its duties of care to Plaintiffs.  In engaging in the conduct alleged herein, Defendant has not acted as an ordinary prudent and careful person would act in similar circumstances.

47.    As a direct and proximate result of Defendant's negligent conduct, Plaintiffs have been harmed economically and are entitled to damages, including punitive damages, in an amount to be determined at trial.

## COUNT V
### (Violation of D.C. Consumer Protection and Procedures Act)

48.    Plaintiffs restate, reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.    The District of Columbia Consumer Protection and Procedures Act, D.C. Code Ann. § 28-3901 et seq. (hereinafter "CPPA") at § 28-3904 provides, inter alia, that:

It shall be a violation of this chapter… for any person to:

(d)    represent that goods or services are of a particular standard, quality, grade, style, or model, if in fact they are of another;

(e)    misrepresent as to a material fact which has a tendency to mislead;

(f)    fail to state a material fact if such failure tends to mislead.

50.    Plaintiffs in this action are "consumers" within the meaning of D.C. Code Ann. § 28-3901.

51.    Defendant is a "merchant" within the meaning of D.C. Code Ann. § 28-3901.

52.    Defendant's conduct, as set forth above, violated the duty imposed upon it by the CPPA to refrain from engaging in unfair, deceptive and unconscionable trade practices.

53.    In particular, Defendant's knowingly fraudulent misrepresentations and fraudulent omissions described above, had the capacity, tendency or effect of deceiving or misleading Plaintiffs and constituted unfair, deceptive and unconscionable trade practices for which Defendant is subject to tort liability.

54.    Defendant has violated the above-mentioned provisions of the CPPA and, as such, Plaintiffs have been harmed economically and are entitled to damages, including statutory treble damages and punitive damages, in an amount to be determined at trial.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as follows:

Awarding Plaintiffs actual damages of $1,000,000, including, but not limited to, the loss of time and money as a result of repeated attempts to use the Dr. Notes Software, repeated efforts to repair the Dr. Notes Software, the costs to replace the software, the costs and attorneys' fees of this action and other damages, in an amount to be determined at trial;

Awarding Plaintiffs punitive damages as a result of Defendant's tortious behavior;

Awarding Plaintiffs treble damages as a result of Defendant's violations of the D.C. Consumer Protection and Procedures Act;

Awarding Plaintiffs costs and attorneys' fees in this action; and

Awarding such other relief as the Court deems just and proper.

Respectfully submitted,
GOODWIN PROCTER LLP

By: _____

Adam L. Braverman (DC Bar No 478736)
Joshua Ian Rosenstein (DC Bar No. 482585)
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000  Telephone
(202) 346-4444  Facsimile
Attorneys for Plaintiffs
Ramin Oskoui, M.D., P.C. and
Ramin Oskoui, M.D.

Dated: April 13, 2006

LIBNY/4509023.3

10