IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMIN OSKOUI, M.D., P.C., and
RAMIN OSKOUI, M.D.,

Plaintiff

v.

LYON FINANCIAL SERVICES, INC.,
d/b/a USBANCORP MANIFEST
FUNDING SERVICES,

Defendant

CASE NO. 1:06CV00678
JUDGE: Henry Kennedy
DECK TYPE: General Civil

* * * * * * *

AFFIDAVIT OF GLENDA WERKMAN
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT
OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE

STATE OF MINNESOTA )
) ss.
COUNTY OF LYON )

Glenda Werkman, having been duly sworn upon oath, deposes and states as follows:

1. I am over the age of 18 and am competent to testify to the matters and facts stated herein, of my own personal knowledge and review of the business records of Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services (hereinafter "Lyon").

2. My position with Lyon is Litigation Analyst. In this position I am authorized to make this Affidavit on behalf of Lyon.

3. I am the custodian of the books, records, invoices, statements, and all other business records of Lyon concerning the commercial lease account with Plaintiffs. These books, records, invoices, statements, and other documents are records made in the regular course of business as



EXHIBIT
A

memoranda or records of the transaction between the parties. The information and entries contained in the documents and records are generated or made at or about the time that each transaction occurs. The documents and records are kept in the ordinary course of business of Lyon.

4. That in this capacity I am familiar with and have access to all files and records of Plaintiffs regarding the Lease and the statements contained herein are based upon personal knowledge or my review of such business records of Lyon.

5. Lyon is a finance lease company, which is involving in financing leases for equipment with commercial lessees solely. Lyon is located in Marshall, Minnesota, which is its principal place of business.

6. That attached hereto as an exhibit are true and complete copies of the Equipment Lease and Guaranty with Plaintiffs and are attached hereto as Exhibit B.

7. Lyon is the assignee of the Lease from the initial Lessor, Bluedot Funding, LLC. A true and complete copy of the Assignment is attached hereto as Exhibit C.

8. That Plaintiff, Ramin Oskoui, MD., P.C., the Lessee, obtained the leased equipment, and made the monthly lease payments for the first year, through May 3, 2005, and then ceased making the lease payments. It has failed and continues to fail to make the lease payments due under the terms of the Lease, and has not made a payment since May, 2005. Plaintiff, Ramin Oskoui, M.D., P.C., is in default under the terms of the Lease for non-payment.

8. That Plaintiff, Ramin Oskoui, M.D., the guarantor, has refused and continues to refuse to perform pursuant to the terms of the Guaranty and has not made the required payments. He is in default under the terms of the Guaranty for non-payment.

9. Due to Plaintiffs' default, Lyon on September 7, 2005, filed suit against Plaintiffs'

to collect the amount owed under the Lease. This suit is pending in the Fifth Judicial District, District Court of Lyon County, Minnesota. The case is captioned Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services v. Ramin Oskoui, M.D., P.C., and Ramin Oskoui, Court File No. C2-05-1122. Lyon filed the suit in Minnesota under the Forum Selection Clause. Plaintiffs are represented in this action by Minnesota counsel and have initiated discovery.

FURTHER YOUR AFFIANT SAYET NOT.

Glenda Werkman
Glenda Werkman

Subscribed and sworn before
me on this 9 day of May, 2006

Helen Vroman
Notary Public

My Commission Expires: 1-31-2010



**Bluedot Funding**

## EQUIPMENT LEASE AGREEMENT

Agreement Number 400077 Federal Tax ID # 20-0141603

This document was written in "Plain English". The words YOU and YOUR refer to the customer. The words WE, US and OUR refer to the Lessor. Every attempt has been made to eliminate confusing language and create a simple, easy-to-read document.

**CUSTOMER INFORMATION**

Ramin Oskoui, M.D., P.C.
FULL LEGAL NAME OF CUSTOMER — DBA

3301 New Mexico Avenue, NW, Ste. 316 — Washington — DC — 20016 — 202-464-5770
STREET ADDRESS — CITY — STATE — ZIP — PHONE

BILLING NAME (IF DIFFERENT FROM ABOVE) — BILLING STREET ADDRESS (IF DIFFERENT)

CITY — STATE — ZIP — PHONE

EQUIPMENT LOCATION (IF DIFFERENT FROM ABOVE)

**SUPPLIER INFORMATION**

NAME OF SUPPLIER — STREET ADDRESS

CITY — STATE — ZIP — PHONE

**See Schedule 'A' attached hereto & made a part hereof**

| TERMS | MONTHLY PAYMENT AMOUNT | ADVANCED PAYMENT |
|---|---|---|
| Term in months 63 (MOS) | 1-3 Payments of $99.00<br>4-63 Payments of $816.99<br>(Plus applicable taxes)<br>Payment Period is Monthly Unless Otherwise Indicated | $99.00 Received |

Rent Commencement Date: 5-24-04

**END OF LEASE OPTIONS:** Provided the lease has not terminated early and no event of default under the lease has occurred and is continuing. THE EQUIPMENT SHALL BE SOLD ON AN AS-IS, WHERE-IS BASIS. You agree to purchase the equipment for $1.00

**THIS IS A NONCANCELABLE/IRREVOCABLE LEASE, THIS LEASE CANNOT BE CANCELLED OR TERMINATED.**

**TERMS AND CONDITIONS** (THIS LEASE AGREEMENT CONTAINS PROVISIONS SET FORTH ON THE REVERSE SIDE, ALL OF WHICH ARE MADE PART OF THIS LEASE AGREEMENT)

1. LEASE AGREEMENT: You agree to lease from us the personal property described on the exhibit A" and as modified by supplements to this Master Agreement (Continued on back)

| LESSOR ACCEPTANCE | CUSTOMER ACCEPTANCE |
|---|---|
| DATED: 5/21/04 | DATED: 5/17/04 |
| LESSOR: Bluedot Funding, LLC | CUSTOMER: Ramin Oskoui, M.D., P.C. |
| SIGNATURE: [signature] | SIGNATURE: [signature] |
| TITLE: Director of Operations | TITLE: President |

**ACCEPTANCE OF DELIVERY**

You certify that all the equipment listed above has been furnished, that delivery and installation has been fully completed and satisfactory. Further, all conditions and terms of this agreement have been reviewed and acknowledged. Upon your signing below, your promises herein will be irrevocable and unconditional in all respects. You understand and agree that we have purchased the equipment from the supplier, and you may contact the above supplier for your warranty rights, if any, which we transfer to you for the term of this lease. Your approval as indicated below of our purchase of the equipment from supplier is a condition precedent to effectiveness of this lease.

5-24-04 — Ramin Oskoui, M.D., P.C. — [signature] — President
Date of Delivery — Customer — Signature — Title

**GUARANTY**

As additional inducement for us to enter into the Agreement, the undersigned ("you"), jointly and severally, unconditionally personally guarantees that the customer will make all payments and meet all obligations required under this Agreement and any supplements fully and promptly. You agree that we may make other arrangements including compromise or settlement with the customer and you waive all defenses and notice of those changes and will remain responsible for the payment and obligations of this Agreement. We do not have to notify you if the customer is in default. If the customer defaults, you will immediately pay in accordance with the default provision of the Agreement all sums due under the terms of the Agreement and will perform all the obligations of the Agreement. If it is necessary for us to proceed legally to enforce this guaranty, you expressly consent to the jurisdiction of the court set out in paragraph 15 and agree to pay all costs, including attorneys fees incurred in enforcement of this guaranty. It is not necessary for us to proceed first against the customer or the Equipment before enforcing this guaranty. By signing this guaranty, you authorize us to obtain credit bureau reports for credit and collection purposes.

[signature] — Ramin Oskoui — 5/17/04
Signature — Date

EXHIBIT B

from time to time signed by you and us (such property and any upgrades, replacements, and additions referred to as "Equipment") for business purposes only. You agree to all of the terms and conditions contained in this Agreement and any supplement, which together are a complete statement of our Agreement regarding the listed equipment ("Agreement") and supersedes any purchase order or outstanding invoice. This Agreement may be modified only by written agreement and not by course of performance. This Agreement becomes valid upon execution by us and will begin on the rent commencement date shown and will continue from the first day of the following month for the number of consecutive months shown. You also agree to pay to Lessor interim rent. Interim rent shall be in an amount equal to 1/30th of the monthly rental, multiplied by the number of days between the rent commencement date and the first payment due date. The term will be extended automatically for successive 12 month terms unless you send us written notice you do not want it renewed at least sixty (60) days before the end of any term. If any provision of this Agreement is declared unenforceable in any jurisdiction, the other provisions herein shall remain in full force and effect in that jurisdiction and all others. THE BASE RENTAL PAYMENT SHALL BE ADJUSTED PROPORTIONATELY UPWARD OR DOWNWARD TO COMPLY WITH THE TAX LAWS OF THE STATE IN WHICH THE EQUIPMENT IS LOCATED. Equipment located in various states is subject to sales tax laws which require that tax be paid up front. You authorize us to advance tax and increase your monthly payment by an amount equal to the current tax percentage applied to the monthly rental shown above.

7732

**2. RENT:** Rent will be payable in installments, each in the amount of the basic lease payment shown plus any applicable sales tax, use tax, plus 1/12th of the amount estimated by us to be personal property tax on the Equipment for each year of this Agreement. We will have the right to apply all sums, received from you, to any amounts due and owed to us under the terms of this Agreement. In the event this Agreement is not commenced, any initial rent or security deposit will be retained by lessor and deemed earned to compensate us for our documentation, processing and other expenses. If for any reason, your check is returned for nonpayment, a $20.00 bad check charge will be assessed.

**3. COMPUTER SOFTWARE:** Not withstanding any other terms and conditions of the Agreement, you agree that as to software only: a) We have not had, do not have, nor will have any title to such software, b) You have executed or will execute a separate software license agreement and we are not a party to and have no responsibilities whatsoever in regards to such license agreement, c) You have selected such software and as per Agreement paragraph 5, WE MAKE NO WARRANTIES OF MERCHANTABILITY, DATA ACCURACY, YEAR 2000 COMPLIANCE, SYSTEM INTEGRATION OR FITNESS FOR USE AND TAKE ABSOLUTELY NO RESPONSIBILITY FOR THE FUNCTION OR DEFECTIVE NATURE OF SUCH SOFTWARE.

**4. OWNERSHIP OF EQUIPMENT:** We are the owner of the Equipment and have sole title to the Equipment (excluding software). You agree to keep the equipment free and clear of all liens and claims.

**5. WARRANTY DISCLAIMER:** WE MAKE NO WARRANTY, EXPRESS OR IMPLIED, THAT THE EQUIPMENT IS FIT FOR A PARTICULAR PURPOSE OR THAT THE EQUIPMENT IS MERCHANTABLE. YOU AGREE THAT YOU HAVE SELECTED THE SUPPLIER AND EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US OR ANY SUPPLIER. WE DO NOT TAKE RESPONSIBILITY FOR THE INSTALLATION OR PERFORMANCE OF THE EQUIPMENT. THE SUPPLIER IS NOT AN AGENT OF OURS AND NOTHING THE SUPPLIER STATES CAN AFFECT YOUR OBLIGATION UNDER THE LEASE. WE HAVE NO RESPONSIBILITY FOR ANY MAINTENANCE OR SUPPORT TO BE SUPPLIED BY SUPPLIER. YOU WILL CONTINUE TO MAKE ALL PAYMENTS UNDER THIS AGREEMENT REGARDLESS OF ANY CLAIM OR COMPLAINT OF NONPERFORMANCE AGAINST SUPPLIER.

**6. LOCATION OF EQUIPMENT:** You will keep and use the Equipment only at your address shown above and you agree not to move it unless we agree to it. At the end of the Agreement's term, you will return the Equipment to a location we specify at your expense, in retail resaleable condition, full working order, and in complete repair.

**7. LOSS OR DAMAGE:** You are responsible for the risk of loss or for any destruction of or damage to the Equipment. No such loss or damage relieves you from the payment obligations under this Agreement. You agree to promptly notify us in writing of any loss or damage and you will then pay to us the total of all unpaid lease payments for the full lease term plus the estimated fair market value of the Equipment at the end of the originally scheduled term, all discounted at six percent (6%) per year. Any proceeds of insurance will be paid to us and credited, at our option, against any loss or damage.

**8. COLLATERAL PROTECTION AND INSURANCE:** You agree to keep the equipment fully insured against loss with us as loss payee in an amount not less than the replacement cost until this Agreement is terminated. You also agree to obtain a general public liability insurance policy from anyone who is acceptable to us and to include us as an insured on the policy. You agree to provide us certificates or other evidence of insurance acceptable to us, before this Agreement begins or, we will enroll you in our property damage coverage program and bill you a property damage surcharge as a result of our increased administrative costs and credit risk. As long as you are current at the time of the loss (excluding losses resulting from acts of god), the replacement value of the equipment will be applied against any loss or damage as per paragraph 7. You must be current to benefit from this program. NOTHING IN THIS PARAGRAPH WILL RELIEVE YOU OF YOUR RESPONSIBILITY FOR LIABILITY INSURANCE COVERAGE ON THIS EQUIPMENT.

**9. INDEMNITY:** We are not responsible for any loss or injuries caused by the installation or use of the Equipment. You agree to hold us harmless and reimburse us for loss and to defend us against any claim for losses or injury caused by the Equipment.

**10. TAXES AND FEES:** You agree to pay when due all taxes (including personal property tax, fines and penalties) and fees relating to this Agreement or the Equipment. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us up to $100.00 on the date the first lease payment is due to cover the expense of originating the Agreement.

**11. ASSIGNMENT:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT. You understand that we, without prior notice, have the right to assign this Agreement to a financing source for financing purposes without your consent to such assignment. You understand that our assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

**12. DEFAULT AND REMEDIES:** If you do not pay any lease payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default. If any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may retain your security deposit and at our option, we can terminate or cancel this Agreement and require that you pay (1) the unpaid balance of this Agreement (discounted at 6%); (2) the amount of any purchase option and if none is specified, 20% of the original equipment cost which represents our anticipated residual value in the equipment; (3) and return the equipment to us to a location designated by us. We may recover interest on any unpaid balance at the rate of 8% per annum. We may also use any of the remedies available to us under Article 2A of the Uniform Commercial Code as enacted in the State of California or any other law. If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorney's fees and actual court costs. If we have to take possession of the equipment, you agree to pay the cost of repossession. The net proceeds of the sale of any repossessed Equipment will be credited against what you owe us under this Agreement. YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. It is further agreed that your rights and remedies are governed exclusively by this Agreement and you waive lessee's rights under Article 2A (508-522) of the UCC.

**13. UCC FILINGS:** You grant us a security interest in the equipment if this agreement is deemed a secured transaction and you authorize us to record a UCC-1 financing statement or similar instrument, and appoint us your attorney-in-fact to execute and deliver such instrument, in order to show our interest in the Equipment.

**14. SECURITY DEPOSIT:** The security deposit is payable upon execution and non interest bearing and is to secure your performance under this Agreement. Any security deposit made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the security deposit to its full amount as set forth above. If all conditions herein are fully complied with and provided you have not ever been in default of this Agreement per paragraph 12, the security deposit will be refunded to you after the return of the equipment in accordance with paragraph 6.

**15. LAW:** This lease shall be deemed fully executed and performed in the State of California or in the home state of whoever holds the Lessor's interest as it may be assigned from time to time per paragraph 11. This lease shall be governed by and construed in accordance with the laws of the State of California or the laws of the home state of Lessor's assignee. You expressly and unconditionally consent to the jurisdiction and venue of any court in the State of California and waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment. Furthermore, you waive the defense of Forum Non Conveniens.

**16. LESSEE GUARANTY:** You agree to submit the original master lease documents with the security deposit to Lessor or its assignee via overnight courier the same day of the facsimile transmission of the lease documents. Should we fail to receive these originals, you agree to be bound by the faxed copy of this agreement with appropriate signatures on the document. Lessee waives the right to challenge in court the authenticity of a faxed copy of this agreement and the faxed copy shall be considered the original and shall be the binding agreement for the purposes of any enforcement action under paragraph 12.



| [signature] | President | 5/17/04 |
|---|---|---|
| Signature | Title | Date |

**Bluedot Funding, LLC**

*Lease #:* 400077

JUN 01 2004

# Schedule 'A'

The following invoice(s) are referenced, and hereby incorporated, for the purpose of describing the equipment subject to the lease agreement. By signing below, I, the lessee, acknowledge that I chose to lease the equipment listed on the invoice(s) per the payment schedule and the terms and conditions set out in lease agreement # , which is the governing document to this lease regardless of the price and terms (if any) indicated on the invoice(s).

Vendor - Manchester Technologies, Inc.
160 Oser Avenue
Hauppauge, NY 11788

(1) EMR (Electronic Medical Record)
Clinical Management System SOftware

Lessee:

Ramin Oskoui, M.D., P.C.

by: [signature]

Ramin Oskoui
President

Date: 5/17/04

Lessor:

Bluedot Funding, LLC

by: [signature]

Authorized Representative

Date: 5/22/04

## SOFTWARE END OF LEASE ADDENDUM TO AGREEMENT

The following is only an addendum and shall only alter the terms and conditions of the Agreement as provided herein in regard to Agreement #40007 all other terms and conditions remain in full force and effect.

1) **Software**

Notwithstanding any other terms and conditions of the Agreement, since this Agreement includes software, then Lessee agrees that as to such software only: a) Lessor has not had, does not have, nor shall have, any title to such software, but instead is only providing financing for the same. b) Lessee has executed or will execute a separate software license agreement and Lessor is not a party to, nor has any responsibilities whatsoever, e.g., fees or other payments, in regard to such license agreement. c) Lessee has selected such software as per Lease paragraph 3, LESSOR MAKES ABSOLUTELY NO WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SYSTEMS INTEGRATION, OR OTHERWISE IN REGARDS TO SUCH SOFTWARE AND HAVE ABSOLUTELY NO RESPONSIBILITY FOR THE FUNCTION OR DEFECTIVE NATURE OF SUCH SOFTWARE. d) Lessee shall indemnify and hold harmless Lessor from any loss (including, without limitation, legal fees and costs) or liability insured by Lessor under the Agreement or otherwise in any way related to or connected with the above said license or related agreement(s), and in the event Lessor incurs or is threatened by such liability, then upon request of Lessor, Lessee shall promptly accelerate all Lease payments due under the entire Lease contract, and LESSEE'S LEASE PAYMENTS AND OTHER OBLIGATIONS UNDER THIS LEASE AGREEMENT SHALL IN NO WAY BE DIMINISHED ON ACCOUNT OF OR IN ANY WAY RELATED TO THE ABOVE SAID SOFTWARE LICENSE AGREEMENT OF FAILURE IN ANY WAY OF THE SOFTWARE.

2) **End of Lease Obligation**

Notwithstanding anything in the Agreement to the contrary, except as provided herein, at the end of the Agreement's original term, provided all payments have been timely made and no default exists or is continuing, Lessor shall release its interest in the software.

| Bluedot Funding, LLC | Ramin Oskoui, M.D., P.C. |
|---|---|
| Lessor | Customer |
| Signature | Signature R Oskoui |
| Director of Operations | |
| Title | Title |
| Date 5-21-04 | Date 5-17-04 |

NOTE: THIS SIGNATURE MUST BE THE SAME AS ON THE AGREEMENT

addend03

# DELIVERY GUARANTEE

Addendum to Lease # 400077 dated May 17, 2004, between Bluedot Funding, LLC, as Lessor and, Ramin Oskoui, M.D., P.C. as Lessee.

Lessee understands and agrees that in the event the Lessee is not satisfied with the working condition of the equipment that Lessee shall only look to persons other than Lessor or its assigns such as the manufacturer, vendor, installer, or carrier, and shall not assert against Lessor or its assigns any claim or defense that Lessee may have with reference to the Equipment, its installation, or delivery. Lessee understands that despite the fact that certain items of Equipment to be leased have not been delivered or installed, this Addendum authorizes Lessor to start the Lease and Lessee's duty to make monthly payments will commence immediately. Further, Lessee authorizes Lessor to pay:

Manchester Technologies, Inc. is the Vendors for the equipment and the Lessee understands that payments shall begin on the same date that the Lessee executes this agreement and shall be continuous thereafter per the terms of the Lease.

100% will be paid to Manchester Technologies, Inc (Vendor) upon execution of this agreement.

0% Manchester Technologies, Inc (Vendor) upon final verification by Lessee after completion of delivery and installation.

In consideration of our offering this option and to compensate us for our additional cost, you further agree to pay an additional fee of $100 to commence the delivery guarantee and your lease. This fee is due on the date the first lease payment is due.

Ramin Oskoui, M.D., P.C.
Lessee

R Oskoui
Signature

President
Title

05/17/04
Date

Bluedot Funding, LLC
Lessor

[signature]
Signature

Director of Operations
Title

5/21/04
Date

**DISCOUNT ASSIGNMENT**

JUN 01 2004

RE: Lease No. 400077 dated May 17, 2004, Ramin Oskoui, M.D., P.C., as Lessee and the undersigned as nominal lessor, (the "Lease")

The undersigned, for good and valuable consideration, the receipt of which is hereby acknowledged; hereby assigns and transfers to US Bancorp Manifest Funding Services, or its' successors and assigns, all of the undersigned's right, title, and interest as Lessor under the Lease, including the right to receive rent thereunder and grants US Bancorp Manifest Funding Services a security interest in the Equipment subject to the Lease. This assignment does not transfer to Manifest Funding Services the title to the Equipment leased under the above-described Lease.

Bluedot Funding, LLC

(Name of Lessor)

Signature

Director of Operations

Title

5-24-04

Date

N:\MANDOC\ORIGINAL\DISASGN.DOC
CODE: 0319

EXHIBIT
C