IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAMIN OSKOUI, M.D., P.C., and RAMIN OSKOUI, M.D., 3301 New Mexico Avenue, N.W. Suite 316 Washington, D.C. | * * * * | CASE NO. 1:06cv00678 JUDGE: Henry H. Kennedy |
| Plaintiff | * | DECK TYPE: General Civil |
| v. | * | |
| LYON FINANCIAL SERVICES, INC., d/b/a USBANCORP MANIFEST FUNDING SERVICES, 1310 Madrid, Suite 100 Marshall, Minnesota 56258 | * * * | |
| Defendant | | |

\*      \*      \*      \*      \*      \*      \*

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT
OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE

Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services (hereinafter "Lyon"), by and through its attorneys, Ronald H. Jarashow and Franch, Jarashow & Smith, P.A., submits this memorandum of law supporting its motion to dismiss the complaint for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3) or in the alternative for change of venue pursuant to 28 U.S.C. Sections 1404 and 1406. In support of its motion Lyon states as follows:

A. RELEVANT FACTS

The relevant facts for purposes of this motion can be stated as follows:

1. PARTIES

1

Plaintiff, Dr. Ramin Oskoui is a cardiologist who practices medicine in Washington, D.C. Dr. Oskoui's practice, Ramin Oskoui, M.D., P.C., is a District of Columbia corporation. (Complaint, paragraph 4).

Defendant, Lyon Financial Services, Inc., d/b/a U.S. Bancorp Manifest Funding Services, is a Minnesota corporation with a principal place of business in Marshall, Minnesota. (Complaint, paragraph 5). Lyon is a finance lease company engaged in the business of financing the leasing of equipment to commercial lessees. See, Affidavit of Glenda Werkman, attached hereto as Exhibit A.

## 2. RELEVANT LEASE DOCUMENTS

As set forth in the Complaint, on or about May 17, 2004, Plaintiff, Oskoui, M.D., P.C., as lessee, entered into an Equipment Lease Agreement (the "Lease") with Bluedot Funding, LLC, the initial Lessor, for the lease of a EMR Clinical Management System Software, for use in its medical practice. The Lease is personally guaranteed by individual Plaintiff, Dr. Ramin Oskoui, pursuant to the Guaranty clause which was agreed to and executed by him on May 17, 2004. A true and complete copy of the Lease, Schedule "A" to the Lease, Software Addendum to Lease, and Delivery Guarantee, is attached as Exhibit B. See Affidavit of Glenda Werkman.

For financing purposes the Lease was assigned by Bluedot Funding, LLC., to Lyon on May 24, 2004, who then became the Lessor. A complete copy of the Assignment is attached as Exhibit C. See, Affidavit of Glenda Werkman.

## 3. RELEVANT LEASE PROVISIONS

The Lease contemplated assignment from the initial Lessor to a third party lessor, such as Lyon. Thus, paragraph 11 states as follows:

> You understand that we, without prior notice, have the right to assign

> this Agreement to a financing source for financing purposes without your consent to this assignment. You understand that our assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

The flexibility provided to the Lessor by the above referenced assignment language is augmented by the following Lease provision, containing a forum clause and waiver of the defense of Forum Non Conveniens:

> 15. LAW. This lease shall be deemed fully executed and performed in the State of California, <u>or in the home state of whoever holds the Lessor's interest</u> as may be assigned from time to time per paragraph 11. This lease shall be governed and construed in accordance with the laws of the State of California <u>or the laws of the home state of Lessor's assignee.</u> You expressly and unconditionally consent to jurisdiction and venue of any court in the State of California and waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment. Furthermore, <u>you waive the defense of Forum Non Conveniens.</u> (Emphasis added).

Paragraph 15 was consented to when Plaintiff, Oskoui, M.D., P.C., the lessee, executed the Lease. Individual Plaintiff, Dr. Oskoui, expressly consented to the terms of paragraph 15 of the Lease when he signed the Guaranty.

## 4. PENDING MINNESOTA ACTION

As set forth in the attached Affidavit of Glenda Werkman, the lessee, Plaintiff, Ramin Oskoui, M.D., P.C., made the monthly lease payments for the first year, through May 3, 2005, and then ceased making payments. Both Plaintiffs have refused and continue to refuse to honor their payment obligations. As a result the Lease has been placed in default for non-payment. On September 7, 2005, Lyon brought suit against the lessee, Ramin Oskoui, MD. P.C., and the

guarantor, Dr. Ramin Oskoui, to enforce its rights under the Lease. Pursuant to the forum selection clause suit was brought in Minnesota state court, and is captioned, <u>Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services v. Ramin Oskoui, M.D., P.C., and Ramin Oskoui</u>, Court File No. C2-05-1122 (Fifth Judicial District, District Court of Lyon County, Minnesota). Both Ramin Oskoui, MD. P.C., and Dr. Ramin Oskoui, M.D., are defending the action through Minnesota counsel and have initiated discovery.

Plaintiffs' present suit herein concerns the same lease agreement involved in the pending suit in Minnesota.

### B. ARGUMENT

### VENUE IS IMPROPER DUE TO FORUM SELECTION CLAUSE

The forum selection clause in the parties' Lease renders this court's venue improper. Plaintiffs in signing the Lease and Guaranty agreed the lease would be governed and construed " in accordance with the...the laws of the home state of Lessor's assignee", which is Minnesota. Furthermore in entering into the Lease and Guaranty, Plaintiffs expressly and unconditionally consented to jurisdiction and venue in Minnesota for any disputes arising under the Lease, and furthermore "waive[d] the defense of Forum Non-Conveniens."

The Minnesota court is the proper venue as the forum selected by the forum selection clause and as this where the parties are currently in litigation concerning the parties' Lease. Forum selection clauses are fully enforceable. They are considered "prima facie valid," <u>The Bremen v. Zapata Off Shore Co.</u>, 407 U.S. 1, 10, 32 L.Ed. 513, 92 S. Ct. 1907 (1972), and as stated by the Supreme Court in that case "in the light of present-day commercial realities and expanding

4

international trade we conclude that the forum selection clause should control..." 407 U.S. at 15. See, also, 2215 Fifth Street Associates, LP., v. International, Inc., 148 F. Supp. 2d 50, (U.S. Dist. 2001). (stating there is a strong presumption in favor of upholding such clauses). See. also, Commerce Consultants, Int'l, Inc., v. Veterie Riunite S.p.A., 276 U.S. App. 81, 867 F.2d 697, 699 (D.C. Cir. 1989).

A compelling reason exists for enforcing the forum selection clause in this case. The parties are involved in litigation in Minnesota state court regarding enforcement of the parties' lease agreement. Permitting this action to continue in this Court would unjustly permit multiplicity of actions involving the same subject matter between the same parties, confusion of the issues, unnecessary expense, and be wasteful of judicial resources. Minnesota court is the forum agreed to by the parties under the forum selection clause.

Furthermore, applying Minnesota law as the Lease requires, results in enforcement of the forum clause. Forum selection language in a contract will be given effect to establish personal jurisdiction. See, Hauenstein & Bermeister, Inc. v. Met-Fab Industries, Inc., etc., 320 N. W. 2d 886, 890 (Minn. 1982). Minnesota courts have enforced contractual language, similar to that included in this Lease, which designates choice of law and jurisdictional issues to a specific state or alternatively to the home state of the lessor's assignee. See, Lyon Financial Services, Inc. v. Film Funding, Inc., 2001 WL 506928 (Minn. Ct. App. March 15, 2001), and Lyon Financial Services, Inc v. Phoenix Skin Dermatology Place PC, 2002 WL 655573 (Minn. Ct. App. April 23, 2002).

Further, Plaintiffs waived the defense of forum non conveniens. In doing so, Plaintiffs voluntarily bargained away their right to contest the forum in which the case is presently pending, the state court in Minnesota.

According to this court's opinion in L&L Construction Associates, Inc. v. Slattery Skanska, 2006 U.S. Dist Lexis 14969 (March 31, 2006), before granting a motion to dismiss the Court must determine that the motion is timely, that an adequate forum exists which possesses jurisdiction over the case, that the private and public interests weigh in favor of dismissal and that plaintiff can reinstate its suit in the alternative forum without due prejudice. (quoting Pain v. United Tech Corp., 205 U.S. App., D.C. 229, 637 F.2d 775, 784-85 (D.C. Cir. 1980).

There is no question in this case as to timeliness of Lyon's motion. Lyon has raised this in an initial motion prior to answering the complaint. A dismissal under forum non conveniens, like a motion for change of venue under U.S.C. Section 1404 is at the discretion of the court and may be made at any time. Cf. Abiola v. Abubakar, 267 F. Supp. 2d 907, 918 (N.D. Ill. 2003).

Nor is there any question that an adequate forum exists. Here the parties are litigating through counsel issues under the Lease in state court in Minnesota. Moreover Plaintiffs have waived the right to raise an objection to the designated forum by agreeing to the forum selection clause in the Lease agreement. Dismissal of this case does not deprive Plaintiffs of their day in court as they are having that day presently in the Minnesota suit brought against them by Lyon. In that action Plaintiffs can raise all claims against Lyon it is raising here.

Lastly, regarding private and public interests, the forum clause is now the dominate factor in the determination. See, Bremen, 407 U.S. at 15. In Bremen the Supreme Court states "in light of present-day commercial realities and expanding international trade we conclude that the forum selection clause should control absent a strong showing that it should be set aside. Id. No such element exists here.

For all these reasons the forum selection clause should be enforced. This court should dismiss

this case as there already exists a pending suit between the parties in Minnesota.

## CONCLUSION

      Plaintiffs expressly agreed to jurisdiction and venue in Minnesota in the forum selection clause in the parties' Lease agreement. The forum selection clause is enforceable. For that reason this court should enforce the clause and either dismiss this case or transfer it to Minnesota.

      _S/_____
Ronald H. Jarashow (DC Bar No. 944793)
Franch, Jarashow, & Smith, P.A.
107 Ridgely Avenue, Suite 9
Annapolis, MD 21401
(410) 268-5600

Attorney for Defendant
Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services