IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMIN OSKOUI, M.D., P.C., and<br>RAMIN OSKOUI, M.D.,<br><br>  Plaintiffs,<br><br>v.<br><br>LYON FINANCIAL SERVICES, INC.,<br>d/b/a USBANCORP MANIFEST FUNDING<br>SERVICES,<br><br>  Defendant. | Case No. 1:06CV00678<br><br>Judge: Henry H. Kennedy |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE FOR A CHANGE OF VENUE**

## TABLE OF AUTHORITIES

**CASES:**                                                                                                                         **Page**

Kotan v. Pizza Outlet, Inc., 400 F. Supp. 2d 44 (D.D.C 2005) ................................................................. 8

Lyon Fin. Servs., Inc. v. Phoenix Skin Dermatology Place PC,
    No. C3-01-1609, 2002 WL 655573 (Minn. Ct. App. Apr. 23, 2002) ................................ 4

Lyon Fin. Servs., Inc. v. Young Vending Servs.,
    No. A03-73, 2003 WL 22177597 (Minn. Ct. App. Sept. 23, 2003) .................................. 5

M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) ....................................................... 7, 9

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) ................................................................ 7

Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A. E.S.P.,
    421 F. Supp. 2d 87 (D.D.C. 2006) ..................................................................................... 8

Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13 (D.D.C. 1996) ................................ 7, 8

Ulico Cas. Co. v. Fleet Nat'l Bank, 257 F. Supp. 2d 142 (D.D.C. 2003) .................................. 5-6

Van Dusen v. Barrack, 376 U.S. 612 (1964) ................................................................................ 7

**STATUTES:**

28 U.S.C. § 1404 .......................................................................................................................... 7

28 U.S.C.A. § 1404(a) ................................................................................................................. 7

**RULES AND REGULATIONS:**

Fed. R. Civ. P. 12(b)(3) ......................................................................................................... 1, 10

Plaintiffs Ramin Oskoui, M.D., P.C. and Ramin Oskoui, M.D. (collectively "Dr. Oskoui") by and through their attorneys, Goodwin Procter LLP, hereby oppose the motion filed by Defendant Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services (hereinafter "Defendant Lyon Financial") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative transfer venue of the action filed by Dr. Oskoui.  In opposition to Defendant Lyon Financial's motion, Dr. Oskoui states as follows:

## PRELIMINARY STATEMENT

Defendant Lyon Financial's recitation of the facts, which are incomplete at best, should not be accepted at face value.  Defendant Lyon Financial "is a finance lease company, which is involve[d] in finance[] leases for equipment with commercial lessees . . . ."  See Affidavit of Glenda Werkman in support of Defendant's Motion to Dismiss Complaint or in the Alternative, for Change of Venue (hereinafter the "Werkman Aff.") ¶ 5. Defendant Lyon Financial transacted business in this jurisdiction by entering into an Equipment Lease Agreement (the "Lease") with a resident of the District of Columbia and purposefully directed significant activities towards residents of the District of Columbia in furtherance of its stated business operations.  This Court should not permit Defendant Lyon Financial to have its cake and eat it too by allowing it to transact business in this district but avoid regulation of its actions before this Court.

Simply stated, this lawsuit involves a single lease agreement, which Dr. Oskoui entered into with a party other than Defendant.  No part of the transaction took place in or involved the State of Minnesota.  Indeed, the contract to which Dr. Oskoui is a signatory,

makes no mention of the State of Minnesota. As such, and for the reasons set forth below, Defendant Lyon Financial's motion must be denied.

## FACTS

Dr. Oskoui is a solo-practitioner cardiologist who practices medicine out of a single office, which is located at 3301 New Mexico Avenue, NW, Suite 116, Washington D.C., 20016. Complaint ("Compl.") ¶ 4. Dr. Oskoui's practice, Ramin Oskoui, M.D., P.C., is a District of Columbia corporation. Compl. ¶ 4.

On or about May 17, 2004, Dr. Oskoui entered into an Equipment Lease Agreement (the "Lease") with Bluedot Funding, L.L.C. (hereinafter "Bluedot"), a company with headquarters in Irvine, California, for the purchase of Dr. Notes' EMR (Electronic Medical Record) Clinical Management System Software (the "Dr. Notes Software) for Dr. Oskoui's medical practice. Compl. ¶ 6. Paragraph 15 of the "Terms and Conditions" of the Lease, provides:

> This lease shall be deemed fully executed and performed in the **State of California** or in the home state of whoever holds the Lessor's interest as it may be assigned from time to time . . . This lease shall be governed by and construed in accordance with the laws of the **State of California** or the laws of the home state of the Lessor's assignee. You expressly and unconditionally consent to the jurisdiction and venue of **any court in the State of California** and waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment.

See Ex. B to the Werkman Aff. (emphasis added) The final page of the Lease lists a provision entitled "Discount Assignment" wherein the Director of Operations for Bluedot assigned its rights under the Lease to USBancorp Manifest Funding Services. See Ex. B to the Werkman Aff. The Dr. Notes Software did not function in the manner represented to Dr. Oskoui. Compl. ¶ 12.

On April 25, 2006, Defendant Lyon Financial was served by hand with a Summons and Complaint. In his Complaint against Defendant Lyon Financial, Dr. Oskoui alleges claims for Breach of the Covenant of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation, Negligence, and violations of the D.C. Consumer Protection and Procedures Act. Venue is proper in this district because the material events or omissions giving rise to the claims at issue occurred in the District of Columbia, and because the property that is the subject matter of this action is located in the District of Columbia. Therefore, the Complaint must not be dismissed or transferred to the State of Minnesota.

## ARGUMENT

I. **NO FORUM SELECTION CLAUSE EXISTS IN THE LEASE REQUIRING LITIGATION OF DR. OSKOUI'S CLAIMS IN MINNESOTA**

Defendant Lyon Financial attempts to argue that the "forum selection clause" in the Lease renders this Court's venue improper on the basis that "Plaintiffs expressly and unconditionally consented to jurisdiction and venue in Minnesota." Defendant's Memorandum of Law In Support of Motion to Dismiss Complaint or in the Alternative, For Change of Venue (hereinafter "Defendant's Memorandum of Law") at 4. Stated bluntly, Defendant's assertion is false. Indeed, a simple reading of the Lease reveals that no such provision for litigation in the State of Minnesota exists. Notwithstanding this fact, Defendant Lyon Financial in its brief attempts to "pull the wool over the Court's eyes" by referring no less than twelve times to a "forum selection clause" as the basis for its misplaced argument that Dr. Oskoui, a resident of the District of Columbia, who has no ties whatsoever to Minnesota, has given up his right to litigate in his resident state and

must somehow pursue his claims more than 1,200 miles away from his cardiology practice in a state where he owns no property, transacts no business, and in which he has never even stepped foot. Simply stated, Dr. Oskoui never consented to jurisdiction in the State of Minnesota or to litigate his claims against Defendant Lyon Financial in the State of Minnesota.

Dr. Oskoui resides in Maryland and operates his single physician cardiology practice, Ramin Oskoui, M.D., P.C., in the District of Columbia. Dr. Oskoui – either personally or via his cardiology professional corporation – has never conducted any business activities within the State of Minnesota, has never advertised his or its business activities within the State of Minnesota, has never maintained offices, agents or employees within the State of Minnesota, and has never had assets located within the State of Minnesota. As noted above, Dr. Oskoui has never even visited Minnesota. As such, Dr. Oskoui did not give up the right to commence an action in the District of Columbia and Defendant Lyon Financial's motion to dismiss should be denied.

### 1.     The Enforceability of Forum Selection Clauses In General Is Not Disputed

Dr. Oskoui does not dispute the enforcement of forum selection clauses in general but, instead, argues that one does not exist here mandating litigation of his claims in the State of Minnesota. Not surprisingly, one of the cases relied upon by Defendant Lyon Financial contains a forum selection clause, which specifically indicates that the State of Minnesota has jurisdiction of any claims. <u>Lyon Fin. Servs., Inc. v. Phoenix Skin Dermatology Place PC</u>, No. C3-01-1609, 2002 WL 655573, at *1 (Minn. Ct. App. Apr. 23, 2002) ("Phoenix 'consent[ed] to jurisdiction and venue of any state or federal court **in the state of Minnesota.**'") (emphasis added). Indeed, Minnesota-specific forum

selection clauses are commonly found in many of Lyon Financial's lease agreements. See, e.g., Lyon Fin. Servs., Inc. v. Young Vending Servs., No. A03-73, 2003 WL 22177597, at *1 (Minn. Ct. App. Sept. 23, 2003) ("The Lease also contained a forum-selection clause providing the lease would be 'governed by and construed in accordance with the laws **of the State of Minnesota**.'") (emphasis added). In contrast to the forum selection clauses in the cases principally relied upon by Defendant Lyon Financial, however, the Lease executed by Dr. Oskoui lacks any requirement that disputes shall be litigated in Minnesota.

Dr. Oskoui should not be hauled half way across the country because of Defendant Lyon Financial's omission of a Minnesota forum selection clause in this particular Lease. Defendant Lyon Financial enjoys the liberty of conducting business throughout the fifty states, and the District of Columbia, and, as a result, must anticipate the consequences of each available and appropriate forum should it neglect to specify its principal place of business as its forum of choice.

Therefore, no reason exists on the face of the Lease or based on the facts giving rise to the allegations in this case, that would warrant dismissing this litigation on the basis of improper venue. Stated simply, a resident of the District of Columbia can commence an action against a large financial lending company that does business in each of the fifty states, and the District of Columbia, in an appropriate forum having personal jurisdiction over the Defendant.[1]  See, e.g., Ulico Cas. Co. v. Fleet Nat'l Bank, 257 F.

---

[1] Dr. Oskoui does not dispute the choice of law provision contained in the Lease. Apparently, Defendant Lyon Financial attempts to confuse the issues by bootstrapping the choice of law provision -- which is not at dispute in this matter -- and unilaterally converting it into a forum selection clause to the detriment of Dr. Oskoui. The Court should not endorse this plainly incorrect interpretation of a simple contractual provision

Supp. 2d 142 (D.D.C. 2003) (finding personal jurisdiction existed over non-resident bank that transacted business in the District of Columbia within the meaning of the District of Columbia long-arm statute by entering into a contract with plaintiff).

### 2.   The Defense of Forum Non Conveniens Is Inapplicable

In an attempt to once again confuse the matters before this Court, Defendant Lyon Financial argues that Dr. Oskoui has waived the defense of *forum non conveniens*. Dr. Oskoui is the Plaintiff in this action. As such, he need not raise a defense against his own Complaint. Presumably, Defendant Lyon Financial misstated this point, intending instead to articulate the defense of *forum non conveniens* for its own purposes. Regardless, such a defense should not result in dismissal or transfer of the litigation to a court in a foreign state – Minnesota. This Court has an interest in retaining jurisdiction over a controversy involving a local Plaintiff who does business in the District of Columbia as opposed to forcing him to litigate his claims in a state in which he has never set foot.

## II.   **DEFENDANT'S MOTION TO TRANSFER VENUE MUST BE DENIED**

As an alternative to its motion to dismiss for improper venue, Defendant Lyon Financial includes one sentence in the opening paragraph of its Memorandum of Law mentioning a "change of venue" and a throw-away statement in the last sentence of the Memorandum of Law, that this Court should "transfer it to Minnesota." Defendant's Memorandum of Law at 1, 7. Defendant Lyon Financial does not provide a scintilla of

---

(i.e., the Court should not permit Defendant Lyon Financial to convert a straightforward choice of law provision into a forum selection clause with Minnesota as the exclusive jurisdiction).

support to warrant transfer of this action to the State of Minnesota. Instead, Defendant Lyon Financial simply relies on the unfounded premise that a large financial lending institution, engaging in business throughout the country, should not suffer the inconvenience of litigating a claim by a solo-practitioner physician in the District of Columbia instead of in the State of its principal place of business.

Moreover, Defendant Lyon Financial's reliance on the Bremen decision is simply incorrect. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Defendant's Memorandum of Law at 4, 6. The United States Supreme Court in Stewart held that it is the *transfer statute*, 28 U.S.C.A. § 1404(a), and not the *forum-selection clause*, which controls whether to transfer a diversity action. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Forum selection clauses are no longer treated as presumptively valid. Instead, the Court must evaluate motions to transfer pursuant to 28 U.S.C. § 1404(a) "according to an 'individualized, case-by-case consideration of convenience and fairness.'" Id. (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In addition, the moving party bears the burden of establishing that the transfer of venue is proper. Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). In order to show that transfer under 28 U.S.C. § 1404 is warranted, Defendant Lyon Financial must show that: (1) Dr. Oskoui originally could have brought the action in the State of Minnesota, and (2) consideration of the private and public factors weigh in favor of transfer of the case to the State of Minnesota. See Van Dusen, 376 U.S. at 622; Trout Unlimited, 944 F. Supp. at 15-16. As discussed more fully below, Defendant Lyon Financial cannot satisfy its burden and, as such, its motion should be denied.

The private interest considerations include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to evidence. Termorio S.A. E.S.P. v. Electrificadora Del Atlantico S.A.E.S.P., 421 F. Supp. 2d 87, 103-04 (D.D.C. 2006); Kotan v. Pizza Outlet, Inc., 400 F. Supp. 2d 44, 47 & n.1 (D.D.C 2005); Trout Unlimited, 944 F. Supp. at 16. The public interest considerations include: (1) the forum's familiarity with the governing laws; (2) trial efficiency; and (3) local interest in deciding local controversies. Termorio, 421 F. Supp. 2d at 104; Kotan, 400 F. Supp. 2d at 47 & n.1; Trout Unlimited, F. Supp. at 19.

A consideration of the private and public interest factors demonstrates that this action should not be transferred to the State of Minnesota. Dr. Oskoui, a nonresident of the State of Minnesota, does not own, use or possess real property in Minnesota, does not transact business in Minnesota, has not committed any wrongful conduct in Minnesota, and has not even caused injury in Minnesota from out-of-state acts.

Moreover, the Lease was not executed in Minnesota, nor was the Lease performed in Minnesota. Given the nature of the pre-contractual activities of the parties, it is simply impossible to conclude that Dr. Oskoui did anything to purposefully avail himself of the benefits and protections of Minnesota law or that the parties' contract for the sale of office software to be used in a physician's office in the District of Columbia had any substantial connection with the State of Minnesota.

Furthermore, **none** of the alleged conduct that forms the basis of Dr. Oskoui's Complaint against Defendant Lyon Financial is alleged to have taken place in Minnesota. As stated *supra*, Dr. Oskoui resides in Maryland and operates his cardiology practice,

Ramin Oskoui, M.D., P.C., in the District of Columbia.  Dr. Oskoui – either personally or via his cardiology practice – has never conducted any business activities within the State of Minnesota, has never advertised his or its business activities within the State of Minnesota, has never maintained offices, agents or employees within the State of Minnesota, and has never had assets located within the State of Minnesota.

The Lease at issue was entered into with a District of Columbia corporation, was guaranteed by a resident of the State of Maryland, and concerned software intended to be used in a doctor's office in our Nation's capital.  The District of Columbia is well-suited to adjudicate local controversies.  Stated simply, the convenience of the parties cannot credibly be claimed to be advanced by having this dispute litigated in Minnesota.

Given the overwhelming public and private interests the District of Columbia has to the litigation commenced by its resident, Dr. Oskoui, and the corresponding relative lack of any such interests Minnesota has to the litigation, it is not surprising that Defendant Lyon Financial essentially ignores in its Memorandum of Law any analysis of the private and public interests – an essential element of its burden to establish that the present litigation should be transferred to Minnesota.  See Defendant's Memorandum of Law at 6 (devoting three brief sentences to the private and public interest analysis and incorrectly relying on Bremen – a decision that did not even mention the public and private interest analysis or the relevant burden that must be satisfied by a party seeking transfer of a federal court action to a foreign forum).

Defendant Lyon Financial has not satisfied its burden of establishing that the private and public factors weigh in favor of transferring this action to the State of

Minnesota. Accordingly, Defendant Lyon Financial's motion to transfer venue of this case to the State of Minnesota must be denied.

## CONCLUSION

For the foregoing reasons, Dr. Oskoui respectfully requests that this Court deny Defendant Lyon Financial's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), as well as its alternative motion to transfer this action to Minnesota.

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Adam L. Braverman
Adam L. Braverman (DC Bar No 478736)
Joshua Ian Rosenstein (DC Bar No 482585)

901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000  Telephone
(202) 346-4444  Facsimile

Attorneys for Plaintiffs
Ramin Oskoui, M.D., P.C. and
Ramin Oskoui, M.D.

Dated: May 26, 2006