IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMIN OSKOUI, M.D., P.C., and          *
RAMIN OSKOUI, M.D.,
3301 New Mexico Avenue, N.W.           *
Suite 316
Washington, D.C.                       *    CASE NO. 1:06cv00678
                                            JUDGE: Henry H. Kennedy
    Plaintiff                         *    DECK TYPE: General Civil

    v.                                *
LYON FINANCIAL SERVICES, INC.,
d/b/a USBANCORP MANIFEST               *
FUNDING SERVICES,
1310 Madrid, Suite 100                 *
Marshall, Minnesota 56258
                                       *
    Defendant
*          *          *          *          *          *          *

DEFENDANT'S MOTION FOR LEAVE TO
FILE AMENDED MOTION TO DISMISS COMPLAINT

Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services, (hereinafter "Lyon") by and through its attorneys, Ronald H. Jarashow, Robert R. Smith,  and Franch, Jarashow & Smith, P.A., hereby moves for leave to amend its pending motion to dismiss the complaint, and states in support thereof as follows:

    1.    Lyon has filed herein a motion to dismiss this proceeding because of concurrent action between the parties in the Minnesota state court and this court arising out of an equipment lease agreement between the parties.

    2.    Lyon seeks to amend its pending Motion to Dismiss to base authority not on a change in venue under 28 U.S.C. Section 1404 but under the abstention doctrine created by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800, 47 L. Ed. 2d

482, 96 S. Ct. 1236 (1976).

3.    Lyon therefore seeks leave to file the amended Motion to Dismiss attached hereto as Exhibit No. 1. The original motion to dismiss is attached hereto as Exhibit No. 2.

4.    In support hereof Lyon incorporates by reference the attached Memorandum of law, and exhibit.

WHEREFORE, Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services, requests thatt leave be granted to file the amend motion to dismiss complaint, and grant such other and further relief as may be appropriate.

_S/_____
Ronald H. Jarashow (DC Bar No. 944793)


_S/_____
Robert R. Smith (D.C. Bar No. 387730)
Franch, Jarashow, & Smith, P.A.
107 Ridgely Avenue, Suite 9
Annapolis, MD 21401
(410) 268-5600

Attorney for Defendant Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 7th day of June, 2006, a copy of the foregoing Defendant's Motion, Memorandum of Law, Exhibits, and proposed Order, were mailed first class, postage prepaid to:

Adam L. Braverman, Esquire, and Joshua Ian Rosenstein, Esquire, 901 New York Avenue, N.W., Washington, D.C., 20001, Attorneys for Plaintiffs.

_S/_____
Robert R. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMIN OSKOUI, M.D., P.C., and          *
RAMIN OSKOUI, M.D.,
                                       *

     Plaintiffs                       *       CASE NO. 1:06cv00678
                                               JUDGE: Henry H. Kennedy
                                       *

v.                                     *
LYON FINANCIAL SERVICES, INC.,         *
d/b/a USBANCORP MANIFEST
FUNDING SERVICES,                      *

    Defendant

\*     \*     \*     \*     \*     \*     \*

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT OF AMENDED MOTION TO DISMISS

Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services, (hereinafter "Lyon"), by and through their attorneys, Ronald H. Jarashow, Robert R. Smith, and Franch, Jarashow & Smith P.A., herein files this Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and in support of its motion for leave to file amended motion to dismiss.

For the reasons stated below this court should grant Defendant leave to file its amended motion to dismiss, changing the legal basis for the motion and should grant Defendant's motion to dismiss Plaintiffs' Complaint.

### PRELIMINARY STATEMENT

With Plaintiff's filing of this suit the parties find themselves involved in simultaneous litigation in two forums: Minnesota state court and this court. Both suits arise out of the commercial

equipment lease agreement between the parties. Thus, Lyon's action in Minnesota state court (identified in Lyon's initial Memorandum) concerns its breach of contract action against Plaintiffs to collect damages under the lease agreement, while Plaintiffs' action here concerns common law tort and other claims (Breach of Covenant of Good Faith, Fraud, Negligent Misrepresentation, Negligence and Violations of D.C. Consumer Protection Act) arising out of Lyon as lessor of the lease agreement under a lease assignment. Jurisdiction of this court is based upon the diversity of citizenship and is apparently predicated under the District of Columbia's Long Arm Statute, D.C. Code Section 13-423(a)(4) (causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia). Plaintiffs' impliedly admit these claims arise out of the parties lease transaction by stating "this lawsuit involves a single lease agreement" (Opp. P. 1). These causes of action relate to Lyon's position as Assignee of the Lease and the leased equipment (Software) which Plaintiffs' allege "did not function in the manner represented to Plaintiffs." (Opp. p.3).

Seeking to avoid having two pending actions arising out of the parties lease transaction, Lyon filed its initial motion for dismissal or transfer these proceedings to Minnesota state court. Lyon seeks to conserve the parties' and judicial resources and avoid piecemeal litigation. Lyon initially sought relief pursuant to a change of venue under 28 U.S.C. Section 1404(a). However, finding it more appropriate Lyon seeks to amend it motion to base its motion upon the abstention doctrine created by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800, 47 L. Ed. 2d 482, 96 S. Ct. 1236 (1976). The Supreme Court there created an abstention doctrine authorizing denial of federal jurisdiction in circumstances of parallel state court litigation due to "considerations of 'wise judicial administration, giving regard to conservation of

2

judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817. This doctrine has

been applied in this court to defer to state court proceedings and grant dismissal of the federal

action.. See, e.g., James Foster-El v. Beretta U.S. Corp., 163 F. Supp. 2d 67 (D.C. 2001) and

Hurley v. Heilig, 28 F. Supp. 2d 33 (D.C. 1998).

## RELEVANT FACTS

## EQUIPMENT LEASE TRANSACTION

The parties in their previous filings have informed the court concerning the facts relating

to the parties' commercial equipment lease agreement and the pending Minnesota state court suit.

Plaintiffs recite that Dr. Oskoui's medical practice, Ramin Oskoui, M.D. P.C., entered into the

equipment lease agreement with Bluedot Funding, LLC., the initial Lessor, for purchase of a

software management system for Dr. Oskoui's medical practice. Dr. Oskoui is a guarantor of the

lease by virtue of signing a guaranty agreement. These lease documents are exhibits to Lyon's initial

memorandum. Lyon was not the initial Lessor, and never was the vendor, supplier or manufacturer

of the leased software management system. Plaintiffs allege that the leased equipment, Dr. Notes

Software, did not function in the matter represented, which apparently led Plaintiffs to ceasing their

monthly lease payments resulting in breach of the lease.

Lyon's involvement began through an assignment of the equipment lease agreement from

the initial Lessor, Bluedot Funding, LLC., under to a Discount Assignment agreement, which

provides as follows:

> The undersigned [Bluedot Funding, LLC], for good and valuable
> consideration, the receipt of which is hereby acknowledged; hereby
> assigns and transfers to US Bancorp Manifest Funding Services, or
> its successor and assigns, all of the undersigned's right, title, and
> interest as Lessor under the Lease, including the right to receive rent

3

> thereunder and grants U.S. Bancorp Manifest Funding Services as security interest in the Equipment subject to the Lease. This assignment does not transfer to Manifest Funding Services the title to the Equipment leased under the above-described Lease.

The equipment lease contemplated assignment to a third party Lessor (like Lyon). Thus, paragraph 11 of the lease, which Plaintiffs consented to when entering into the Lease, provides as follows:

> You understand that we, without prior notice, have the right to assign this Agreement to a financing source for financing purposes without your consent to this Assignment. You understand that our assignee will have the same right and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

When Plaintiffs defaulted in their payment obligation, Lyon as Lessor sued Plaintiffs in Minnesota state court to collect damages for their breach. The suit was filed on or about September 7th, 2005, in the District Court, Fifth Judicial District, County of Lyon, Court File Number C2-05-1122) pursuant to Lease's forum selection clause (paragraph 15). This suit is pending and written discovery has commenced between the parties.

## MINNESOTA STATE COURT RULING

In the Minnesota state court proceedings Plaintiffs sought dismissal of the suit due to lack of jurisdiction. Plaintiffs asserted as they do here the absence of minimum contacts necessary to extend jurisdiction over them under Minnesota's long-arm statute. Additionally they argued the lease's forum selection clause did not allow the Minnesota court to exercise jurisdiction of them.

It is important for this court to know that the Minnesota court has ruled denying Plaintiffs' motion. The court's May 25th order denying Plaintiffs' motion is attached hereto as Exhibit 1. The

4

Minnesota court found the lease contained a forum selection clause and under such Plaintiffs consented to Minnesota jurisdiction. Further the ruling states "that [Ramin Oskoui, M.D., P.C., and Ramin Oskoui] has not argued that the forum selection clause in this case is unfair, unreasonable, or seriously inconvenient."

The upshot of this ruling is that the Minnesota state court case between the parties will go forward as the court has found jurisdiction. This means the parties are involved in two suits in two different forums relating to their equipment lease agreement: the suit in Minnesota state court and the suit here in Federal Court.

## COLORADO RIVER ABSTENTION DOCTRINE

This circumstance raises an issue which the Supreme Court dealt with in Colorado River Water Conservation Dist. v. United States, supra. Can a Federal Court decline to exercise its jurisdiction to adjudicate a controversy that is also before a state court? The Supreme Court found authority for abstention on "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." See, id., at 806. See, James Foster-El v. Beretta, 163 F. Supp. 67 (D.C. 2001), and Hurley v. Heilig, 28 F. Supp. 2d 33 (D.C. 1998).

For abstention and dismissal to be warranted the Supreme Court has articulated the factors to be weighed: (1) whether one court assumed jurisdiction over the property first, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation; (4) the order of jurisdiction in the concurrent forums; (5) whether the case involved federal law; and (6) whether the state-court proceeding can adequately protect the parties' rights. James Forster-El v. Beratta, 163 F. Supp. at 71.

5

Lyon argues these factors weigh in favor of abstention, authorizing this court to dismiss the instant case so the parties can pursue their claims together in the action in the Minnesota state court.

The first factor of jurisdiction over the *Res* does not apply as this case does not involve jurisdiction over property (the *Res*). Accordingly, this factor does not weigh in favor of or against abstention.

The second factor is inconvenience of this forum. The cases have indicated that the "inconvenience factor" primarily involves the physical proximity of the federal forum to the evidence and witnesses. Evanston Insurance Company v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988). Plaintiffs will almost certainly argue this forum is convenient to them as they are doing business in the District and that this is where the leased equipment was used. However, Lyon's activity concerning the Lease Assignment did not take place in the District, but would have occurred in Minnesota, where its employees and its business records are. Moreover in accordance with Paragraph 15 of the lease the lease is to be deemed fully executed and performed in the "home state of whoever holds the Lessor's interest," which is Lyon and which state is Minnesota. So Lyon can argue the forum is inconvenient because of the case connections to Minnesota. The question is not whether the federal forum is inconvenient but rather whether there is "any contention that the federal forum was any less convenient to the parties than the state forum."Evanston, 844 F.2d at 1192. Under these circumstances this factor would seem not to favor dismissal.

The third factor weighs in favor of dismissing this action. Generally, the desirability of avoiding piecemeal litigation favor abstention. See, Colorado River, 424 U.S. at 818. By allowing both actions to continue to go forward creates a situation of piecemeal litigation. In the Minnesota

6

court Lyon will be litigating their breach of the lease claim and entitlement to damages. Plaintiffs

presumptively will raise any claims they have in defense (which logic would dictate Plaintiff will

raise defenses based upon the deficiency of the leased equipment and the same tort claims raised

here against Lyon). At the same time if this case goes forward Lyon will assert as a counterclaim

their breach of contract claim against Plaintiff under the lease agreement. Thus, the parties will find

themselves involved in seemingly identical actions in both courts with a race to the finish line with

the winner seeking to impose the rules of res judicata in the other action. This duplication of effort

is not desirable. It is wasteful of judicial resources and also raises a prospect of contradictory or

irreconcilable rulings. "Piecemeal litigation occurs when different tribunals consider the same issue,

thereby duplicating efforts and possibly reaching different results." American International

Underwriters, 843 F.2d 1253 at 1258 (9th Cir. 1988). It is important to note that exact parellelism

is not required "[i]t is enough if the two proceedings are 'substantially similar.'" Nakash v.

Marciano, 882 F. 2d 1411, 1416 (9th Cir. 1989). The proceedings here would fall in that category

as both concern claims arising out of the parties lease transaction. This is exactly the situation the

Colorado River doctrine was formulated to avoid. Therefore, this factor strongly favor abstention.

The fourth factor, order of jurisdiction, also favors abstention here as the Minnesota state

case has been at issue since September of 2005 and the parties have commenced written discovery

in that action.

The fifth (source of law) and sixth (adequate protection in state court) factors also favor

abstention. There is no federal law question presented in this litigation. Both actions involve garden

variety contract and tort law issues governed by local law. Furthermore, under the lease choice of

law and forum selection clause (paragraph 15) lease issues are to be governed and construed in

accordance with Minnesota law (the home state of Lyon which holds the Lessor's interest). The Minnesota Court is fully capable of handling this case and adequately protecting the interests of the parties and is quite familiar with Minnesota law.

Accordingly, Lyon submits that as four out of the six factors under Colorado River doctrine favor abstention this Court should abstain from exercising it jurisdiction in this case, and dismiss the instant case.

## CONCLUSION

For the foregoing reasons, Defendant, Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services, respectfully requests that this court abstain from exercising jurisdiction and accordingly dismiss this case so the parties can litigate their case in the pending Minnesota state court case.

Respectfully submitted

_S/_____
Ronald H. Jarashow (DC Bar No. 944793)


_S/_____
Robert R. Smith (D.C. Bar No. 387730)
Franch, Jarashow, & Smith, P.A.
107 Ridgely Avenue, Suite 9
Annapolis, MD 21401
(410) 268-5600

Attorney for Defendant Lyon Financial Services, Inc.,
d/b/a USBancorp Manifest Funding Services

8