| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT<br>FIFTH JUDICIAL DISTRICT |
| COUNTY OF LYON | CIVIL DIVISION<br>Case Type: Contract/Lease |

---

**Lyon Financial Services, Inc.,**
a Minnesota corporation,
d/b/a The U.S. Bancorp
Manifest Funding Services,
with its principal offices                                File No. C2-05-1122
at Marshall, Minnesota,

        Plaintiff,

v.                                                                                **ORDER**

**Ramin Oskoui, M.D., P.C.**, and
**Ramin Oskoui**, personally, jointly
and severally,

        Defendants.

---

The above-captioned matter came duly on for motion hearing before the Court on May 3, 2006. The Plaintiff appeared by and through its attorney, Kevin Stroup, of Marshall, Minnesota. The Defendants appeared by and through counsel, Robert Gjorvad of Marshall, Minnesota.

The matter came before the Court upon the following motions:

1.    Defendants' Motion to Dismiss dated March 14, 2006.

Based upon all of the files and records, the oral and written arguments of counsel, together with the Memorandum attached and incorporated herein,

FILED IN THIS OFFICE
5-25-06
Karen J. Bierman
COURT ADMINISTRATOR
Marshall, Lyon County, Minnesota

1

EXHIBIT
1

**IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Dismiss is DENIED.

2. **The matter shall be set down for a trial to the Court.**

DATED MAY 25 2006.

BY THE COURT:

*Leland Bush*
Leland Bush
Judge of District Court

brm:
LFS v. Oskoui Mot. Ord. 5-9-06

## MEMORANDUM

### 1.   Posture of Defendant's Motion to Dismiss

At the hearing on this matter, the parties' argument narrowed the issues for the Court's consideration to the following question:

Does the language of the forum selection clause form an agreement as to the place of execution of the lease, such that the jurisdictional requirement of minimum contacts is satisfied or not required?

The lease at-issue in this case contains a clause allowing assignments in paragraph 11, which states as follows:

> ASSIGNMENT: You understand that we, without prior notice, have the right to assign this Agreement to a financing source for financing purposes without your consent to such assignment. You understand that our assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

The lease also contains a forum selection clause in paragraph 15, which states as follows:

> LAW: This lease shall be deemed fully executed and performed in the State of California or in the home state of whoever holds the Lessor's interest as it may be assigned from time to time per paragraph 11. This lease shall be governed by and construed in accordance with the laws of the State of California or the laws of the home state of the Lessor's assignee. You expressly and unconditionally consent to the jurisdiction and venue of any court in the State of California and waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment. Furthermore, you waive the defense of Forum Non Conveniens.

The forum selection clause in this case clearly sets forth the agreement of the parties insofar as the "choice-of-law" and the "deemed' place of execution of the lease. These portions of the agreement are termed in "either/or" language. The result is that the law governing the lease may be that of "either" California "or" Minnesota (the home state of the holder of the Lessor's interest). Similarly, the place of execution is deemed to be "either" California, "or" Minnesota (the home state of whoever holds the Lessor's interest as it may be assigned from time to time per paragraph 11).

3

The "either/or" language is absent from the next sentence in the forum selection clause addressing consent to jurisdiction and venue. The consent to jurisdiction and venue is to "any court in the State of California."

### 2. Arguments of the Parties

The Defendants advanced two arguments in the alternative in support of its motion to dismiss. First was an argument that the forum selection clause contains exclusive consent language limiting jurisdiction and venue to the State of California. Under this argument, omission of the "either/or" language in the portion of the contract addressing consent to jurisdiction and venue was intentional, and evinces an intent of the parties to limit their agreement regarding jurisdiction to the forum of California, and no other state.

The Defendants argued in the alternative that consent to jurisdiction and venue in California as contained in the contractual language is not exclusive, but permissive. The Defendants interpreted the permissive language to allow jurisdiction in California per the explicit consent, or any additional state with which the Defendants can establish traditional jurisdictional requirements. Defense counsel offered the example that jurisdiction based on a traditional minimum contacts analysis would also be proper in the District of Colombia, where the Defendants reside. On the basis of this argument, the Defendants' argue that traditional notions of minimum contacts have never been established between the Defendants and Minnesota, so it is necessarily excluded as a possible forum. The Defendants' assert that the contractual language "deeming" Minnesota the place of execution of the lease has no bearing on jurisdiction and cannot overcome the absence of actual traditional minimum contacts necessary to establish personal jurisdiction in the absence of explicit consent.

The Plaintiff argues in opposition that the Defendants' agreement as to a place of execution controls, because it constitutes an agreement as to the minimum contacts component of jurisdiction. The Plaintiff asserts that an agreement as to minimum contacts controls, despite the Defendants lack of traditional minimum contacts with Minnesota. Plaintiff argues that it is immaterial that the Defendants have not explicitly agreed to jurisdiction or venue in Minnesota, because the language contained in the lease is permissive and demonstrates an agreement to multiple forums, including express consent to California or the home state of the assignee (Minnesota), and not prohibiting jurisdiction in any other state with which the Defendants may have established traditional jurisdictional requirements.

### 3. Analysis

It is not necessary for purposes of this action to address whether jurisdiction is proper in a state other than California or Minnesota. The Court need only decide whether jurisdiction in Minnesota is proper. The Plaintiff does not argue that the

4

Defendants have established traditional minimum contacts with the State of Minnesota, but argues only that jurisdiction is established in Minnesota by virtue of the parties' agreement as evidenced by the contractual language.

An agreement in a forum selection clause as to jurisdiction controls, as long as it is not unfair or unreasonable. See TRWL Financial Establishment v. Select Intern, Inc., 527 N.W.2d 573 (Minn.App. 1995) (finding that a defendant may consent to the exercise of personal jurisdiction by entering into a contract containing a valid forum selection clause). The remaining question is which forum(s) the parties agreed to by virtue of the forum selection clause in this case. Specifically, whether the contractual language limits jurisdiction to California, or rather also constitutes an agreement to jurisdiction in Minnesota, "the home state of the Lessor's assignee."

A choice-of-law portion of the forum selection clause alone is not sufficient to establish jurisdiction when the agreement does not otherwise address jurisdiction. Dent-Air, Inc. v. Beech Mountain Air Service, Inc., 332 N.W.2d 904 (Minn. 1984) (finding that a choice-of-law clause did not confer jurisdiction without additional language as to a chosen forum, particularly when the clause was part of the lessor's standard lease agreement, and when the minimum contacts test was unsatisfied). Here, the situation is distinguishable from Dent-Air, because the choice-of-law provision is not alone, but accompanied by a place-of-execution provision and a clause allowing assignments without lessee permission.

The Court can conceive of little purpose that an agreement as to the place of execution of a contract could have, aside from an intent to designate a jurisdiction for litigation. Additionally, while Paragraph 11 regarding assignments set forth above may not address a place of litigation, it makes clear that an assignee may step into the shoes of the Lessor without prior notice, which would necessarily extend to any litigation arising out of the lease. When the agreement is to allow assignments without notice, and to deem execution in the home state of the assignee, combined with the choice-of-law provision in favor of the law of the state of the assignee for purposes of litigation, it amounts to an agreement to permit jurisdiction in the state of the assignee, even in the absence of an explicit consent to jurisdiction in that state.

In this case, omitting explicit mention of the home state of the Lessor's assignee in the sentence in the forum selection clause addressing venue and jurisdiction does not appear to have been a significant omission, when viewed in the entire context of the preceding sentences and entire document. This court is obligated to read and construe the document as a whole, and view its provisions in context and construe them in harmony, rather than in isolation. See Telex Corp v. Data Products Corp, 271 Minn. 288, 135 N.W.2d 681 (1965) (using this principal of contract construction in analyzing a stock option contract).

The Defendant has not argued that the forum selection clause in this case is unfair, unreasonable, or seriously inconvenient. The Court only notes that non-specific forum selection clauses have consistently been enforced by the Minnesota Court of Appeals despite challenges that they are unfair and unreasonable. See e.g. Interfund Corp. v. O'Byrne, 462 N.W.2d 86, 87 (Minn. App. 1990). It is permissible for the parties to agree to jurisdiction in the unspecified "home state of the Lessor's assignee." Additionally, the forum selection clause contains the Defendants' agreement to waive of the defense of forum non conveniens.

The parties' agreement controls. The contractual language states that the parties have agreed, at a minimum, to the forums of "the State of California" and "the home state of the Lessor's assignee." The Court limits this decision to a determination that there is not a lack of jurisdiction in Minnesota, recognizing that whether jurisdiction might be proper in other states is not the question before the Court on this motion. The Defendant's Motion to Dismiss for lack of personal jurisdiction is denied.