IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                            :
RAMIN OSKOUI, M.D., P.C., and               :    Case No. 1:06CV00678
RAMIN OSKOUI, M.D.,                         :
                                            :
                                            :    Judge: Henry H. Kennedy
                                            :
                    Plaintiffs,             :
                                            :
        v.                                  :
                                            :
LYON FINANCIAL SERVICES, INC.,              :
d/b/a USBANCORP MANIFEST FUNDING            :
SERVICES,                                   :
                                            :
                    Defendant.              :
_____:


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO AMEND, AND OPPOSITION TO PROPOSED AMENDED
MOTION TO DISMISS THE COMPLAINT**

Plaintiffs Ramin Oskoui, M.D., P.C. and Ramin Oskoui, M.D. (collectively "Dr. Oskoui") by and through their attorneys, Goodwin Procter LLP, hereby oppose the Motion to Amend filed by Defendant Lyon Financial Services, Inc., d/b/a USBancorp Manifest Funding Services (hereinafter "Defendant Lyon Financial") and oppose the Proposed Amended Motion to Dismiss the Complaint.

## PRELIMINARY STATEMENT

On May 12, 2006 Defendant Lyon Financial filed a Motion to Dismiss Complaint or in the Alternative, For a Change of Venue. Shortly thereafter, the Plaintiffs filed an Opposition to the Defendant's Motion, laying out in precise detail why the Defendant's Motion should be denied. Realizing the precariousness of its position in the face of the Plaintiffs' well-articulated arguments, the Defendant now asks for leave to amend its previous motion to dismiss to raise an additional theory for dismissal. Its Motion for Leave to Amend should be denied. In the event that the Court grants the Motion to Amend, Defendant's amended motion to dismiss should likewise be denied.

## FACTS

The facts of the underlying matter were laid out in Dr. Oskoui's Complaint and Opposition to the Defendant's Motion to Dismiss and need not be addressed at additional length here. In an ongoing matter in Minnesota state court (upon which the Defendant bases its motion here), the Minnesota State Court denied Dr. Oskoui's Motion to Dismiss the Complaint for lack of personal jurisdiction. Dr. Oskoui presently intends to appeal that decision, believing that the Minnesota trial court's decision was incorrect as a matter of law. Defendant Lyon Financial's entire argument is premised upon the Minnesota trial court's erroneous ruling, which is not final. Therefore, for this reason and those set forth

below, the Complaint must not be dismissed and this Court should exercise jurisdiction over the matter.

## ARGUMENT

I. **THE COURT SHOULD DENY DEFENDANT'S MOTION FOR LEAVE TO AMEND**

While leave to amend should generally be liberally granted, where the motion is dilatory or prejudicial to the non-movant, or where it was filed specifically to strip the Court of jurisdiction, or where the proposed motion would be futile, a denial of a motion to amend is justified. Forman v. Davis, 371 U.S. 178, 182 (1962). Denial of the Defendant's motion is warranted here.

First, where a proposed amendment would destroy a federal court's jurisdiction over a claim, that factor militates against granting leave to amend. Coley v. Dragon Ltd., 138 F.R.D. 460, 466 (E.D. Va. 1990) (in an admiralty case, granting leave to amend complaint to add indispensable party but noting careful scrutiny necessary where the amendment was sought to destroy jurisdiction). There should be no doubt here: the Defendant seeks to amend the Complaint solely and specifically for the purposes of requiring the Plaintiffs to pursue their claim in state court. Def. Memo at 2.

Similarly, the fact that a responsive pleading has been filed to the original motion weighs against permitting an amendment at this late stage. Rodriguez v. Milwaukee, 1995 U.S. Dist. LEXIS 17700 *6 (N.D. Ill. Nov. 29, 1995) (granting motion to amend in part because the nonmovant had not yet filed a responsive pleading). Here, Plaintiffs expended resources drafting and filing an opposition to the initial motion to dismiss; rather than simply replying to the Plaintiffs' well-crafted brief, the Defendant suddenly decides on a "more appropriate" argument and attempts to force another costly round of

briefing, when it simply could have chosen in its initial motion which arguments to make. Dr. Oskoui should not be penalized for Defendant's eleventh hour requested change of direction.

Finally, as described below, the Motion to Amend should be denied because the Colorado River doctrine suddenly recalled by the Defendant will not win. As such, the proposed amendment would be futile and should be denied (and, should the Court grant leave to amend, for the same reasons the amended Motion to Dismiss should be denied). Edsall v. Assumption College, 367 F.Supp. 2d. 72, 86 (D. Mass. 2005) ("Futility of the proposed amendment is . . . a basis for denial of a motion to amend.").

## II. THE COURT SHOULD NOT ABSTAIN FROM EXERCISING JURISDICTION OVER THIS MATTER

Defendant Lyon Financial contends that this Court should decline from exercising its jurisdiction over this dispute based upon the abstention doctrine of Colorado River Water Conserv. Dist. v. U.S., 424 U.S. 800 (1976). Defendant's argument must be rejected, however, because no set of sufficiently "extraordinary circumstances" exists such that abstention would be warranted.

In Colorado River, the United States brought suit in federal district court in Colorado against approximately 1,000 defendant water users for a declaration of the government's rights to waters in certain Colorado rivers. Subsequently, one of the Colorado federal defendants filed an application in state court to have the United States made a party to parallel state court proceedings regarding the same water rights. Holding that the federal action was properly dismissed by the district court, the Court found that "[t]hese principles rest on considerations of 'wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 816-818.

### A. Balancing of the Colorado River Factors Weighs Against Abstention

In the event of the exercise of concurrent jurisdiction, a federal court should consider the following factors in assessing the appropriateness of dismissal: (1) whether one court assumed jurisdiction over property first; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order of jurisdiction in the concurrent forums; (5) whether the case involves federal law; and (6) whether the state-court proceeding can adequately protect the parties' rights. See Colorado River, 424 U.S. at 818; see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23-26 (1983).

The Supreme Court clearly articulated that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River, 424 U.S. at 813. The federal court may then abstain from exercising its jurisdiction only when the factors indicate that exceptional circumstances are present, which justify the dismissal. Colorado River, 424 U.S. at 818. In passing upon a motion to dismiss, the district court must weigh the relevant factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hosp., 460 U.S. at 16. See also Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.2d 346, 353 (D.C. Cir. 2003) (noting that the Colorado River doctrine is "heavily weighted in favor of the exercise of jurisdiction"). These factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone, 460 U.S. at 21 (1983).

### 1. First Factor: Jurisdiction Over the *Res*

The parties agree that the first factor is not relevant to the balancing test based on the circumstances of this litigation.

### 2. Second Factor: The Inconvenience of the Federal Forum

Dr. Oskoui agrees with Defendant Lyon Financial that this factor "would not seem to favor dismissal." (Def. Mem. Law. At p. 6). Stated simply, a resident of the District of Columbia can commence an action against a large financial lending company that does business in each of the fifty states and the District of Columbia, in an appropriate forum having personal jurisdiction over the Defendant. Dr. Oskoui, a nonresident of the State of Minnesota, does not own, use or possess real property in Minnesota, does not transact business in Minnesota, has not committed any wrongful conduct in Minnesota, and has not even caused injury in Minnesota from out-of-state acts. Therefore, the United States District Court for the District of Columbia is wholly convenient for both Dr. Oskoui, who operates his cardiology practice in the District of Columbia and Defendant Lyon Financial, who transacts business within the District of Columbia. By contrast, of course, forcing Dr. Oskoui to defend himself in a state in which he has never set foot would be the epitome of inconvenience.

### 3. Third Factor: The Desirability of Avoiding Piecemeal Litigation

Lyon Financial argues that a federal court may abstain to avoid piecemeal litigation. In <u>Foster-El</u>, a case cited by Defendant Lyon Financial, the Court noted that, in looking at the factor of the order in which jurisdiction was obtained by the two forums, the issue is not which case was filed first, but "how much progress has been made in the two forums." 163 F. Supp. 2d 67, 72 (D.D.C. 2001) (granting motion to stay in a case

against a gun manufacturer involving claims of strict liability and negligent distribution of firearms, where the State trial court had already ruled on several motions and had "'received extensive briefing' on a motion for judgment on the pleadings"); Handy v. Shaw, Bransford, Veilleux & Roth 325 F.3d 346, 350 (D.C. Cir. 2003) (holding that "we have emphasized that the district court must balance equitable considerations rather than using a 'mechanical rule of thumb.'") (citing Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 628 (D.C. Cir. 1975)). [1]

There is no merit to Defendant Lyon Financial's argument that the Minnesota State court proceeding is much further along than this action. In neither case has Defendant conducted any discovery; in neither case has a single deposition been conducted; in neither case has an unappealable dispositive ruling yet been handed down. Accordingly, it is simple hyperbole for the Defendant to claim that the Minnesota action is qualitatively further along than the present matter.

### 4.    Fourth Factor: The Order of Jurisdiction in the Concurrent Forums

Defendant Lyon Financial provides a one-sentence argument in support of its contention that this fourth factor weighs in favor of dismissal. It neglects to point out, however, that in Colorado River, the Supreme Court noted that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and ruled that "only the clearest of justifications will warrant dismissal." Colorado River at 817, 819. Defendant has not provided the

---

[1]  Nor are the obvious factors in the Colorado River case present here—here, there is no clearly-articulated federal policy involving property rights that would suffer greatly from hearings in varying forums.

"clearest of justifications" nor demonstrated even close to "exceptional circumstance[s]" sufficient to warrant abstention.

### 5. Fifth Factor: Whether The Case Involves Federal Law

The parties agree that "there is no federal law question presented in this litigation." Def. Mem. Law at p. 7. As such, this factor does not weigh in favor of or against abstention.

### 6. Sixth Factor: Whether the State-Court Proceeding Can Adequately Protect the Parties' Rights.

Defendant Lyon Financial argues that Dr. Oskoui, a resident of the District of Columbia, who has no ties whatsoever to Minnesota, has given up his right to litigate in his resident state and must somehow pursue his claims more than 1,200 miles away from his cardiology practice in a state where he owns no property, transacts no business, and in which he has never even stepped foot. Simply stated, Dr. Oskoui never consented to jurisdiction in the State of Minnesota or to litigate his claims against Defendant Lyon Financial in the State of Minnesota.

Dr. Oskoui should not be hauled halfway across the country to litigate his claims in a forum in which he has never stepped foot. Forcing Dr. Oskoui to do so would not only unduly prejudice him but would also fail to provide him with the adequate protection he should be afforded. As such, this final factor weighs against abstention.

### B. No Exceptional Circumstances Exist

As set forth above, through an analysis of the six factors, no "exceptional circumstances" exist in this case warranting abstention. See McDevitt & Street Co. v. Moitzfield, 1991 U.S. Dist. LEXIS 21835, Civ. No. 90-0158-LFO (D.D.C. January 7,

1991) (holding that "the circumstances cited by defendant are in no way exceptional"). This case falls short of the demanding threshold that must be satisfied before a federal court may abstain from exercising jurisdiction. Defendant Lyon Financial does not cite to a single authority within this District or even within this Circuit to support its argument that an analysis of the six factors weighs in favor of abstention. This omission is not a plain oversight since there is ample interpretation of the abstention doctrine within this District. McDevitt at *8 (noting that abstention is not the exception, not the rule, "because of the unflagging obligation of the federal courts to exercise the jurisdiction given them"); Hoai v. Sun Refining and Marketing Co., Inc., 866 F.2d 1515, 1520 (D.D.C. 1989) (declining from abstention, finding that the "Supreme Court has clearly instructed that Colorado River may not be invoked as a means of getting rid of cases that properly belong in federal court").

      The Defendant's argument that the Colorado River abstention doctrine applies is without merit and should be seen for what it is –a desperate attempt to delay this case and inconvenience Dr. Oskoui.   Therefore, Defendant's Motion to Amend and Proposed Amended Motion to Dismiss should be denied.

## **CONCLUSION**

For the foregoing reasons, Dr. Oskoui respectfully requests that this Court deny Defendant Lyon Financial's Motion to Amend and its Proposed Amended Motion to Dismiss the Complaint.

        Respectfully submitted,

        /s/ Joshua Ian Rosenstein
        Adam L. Braverman (DC Bar No.478736)
        Joshua Ian Rosenstein (DC Bar No. 482585)
        GOODWIN PROCTER LLP
        901 New York Avenue, N.W.
        Washington, D.C. 20001
        (202) 346-4000  Telephone
        (202) 346-4444  Facsimile

        Attorneys for Plaintiffs
        Ramin Oskoui, M.D., P.C. and
        Ramin Oskoui, M.D.

Dated: June 21, 2006

CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2006, a true and correct copy of the foregoing was served by electronic means and/or by U.S. Mail, postage prepaid, upon counsel for the Defendant:

Ronald . Jarashow, Esq.
Robert R. Smith, Esq.
Franch, Jarashow & Smith, P.A.
107 Ridgely Avenue, Suite 9
Annapolis, MD 21401

                                                  /s/ Joshua Ian Rosenstein
                                                    Joshua Ian Rosenstein